# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 09-CR-332-03 |
| v. | ) | |
| | ) | Judge Joan B. Gottschall |
| HECTOR URIARTE, | ) | |
| | ) | |
| Defendant | ) | |

## MEMORANDUM OPINION

Counts 8 and 11 of the indictment charged various defendants with possessing a firearm in connection with separate kidnappings, both violations of 18 U.S.C. § 924(c)(1). [1] Until recently, subsection 924(c)(1)(C) mandated a 25-year minimum sentence in the case of a second or subsequent conviction under this subsection. 18 U.S.C. § 924(c) (2012). Effective December 21, 2018, § 403(a) of the First Step Act of 2018 ("First Step Act"), Pub. L. No. 115-391, 132 Stat. 5194 (Dec. 21, 2018), changed the language triggering the 25-year minimum in § 924(c)(1). In the wake of the First Step Act, a § 924(c) offense must "occur[ ] after a prior [§ 924(c)(1)] conviction . . . has become final." First Step Act § 403(a). Section 403(b) provides that "[t]his

---

[1] Section 924(c) of Title 18 of the United States Code criminalizes using, carrying, or possessing a firearm in connection with "any crime of violence or drug trafficking crime." In its entirety, the operative language of § 924(c)(1)(A) reads:

> [A]ny person who, during and in relation to any crime of violence or drug trafficking crime (including a crime of violence or drug trafficking crime that provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime . . . .

18 U.S.C. § 924(c)(1)(A).

1

section, and the amendments made by this section, shall apply to any offense that was committed before the date of enactment of this Act, if a sentence for the offense has not been imposed as of such date of enactment." The parties have briefed the question of whether § 403(a) applies to a case pending on remand for a general resentencing.

Defendant Hector Uriarte ("Uriarte") and his co-defendants were originally sentenced on various dates in 2012 and 2013. Uriarte received a 7-year mandatory minimum sentence for count 8 and a 25-year mandatory minimum sentence for count 11 because it was successive to count 8. Uriarte appealed. As explained on appeal, the language of § 924(c)(1)(C) had been interpreted to mean that "[t]here is no requirement of separate indictments or an interval of punishment" between the two firearms offenses. *United States v. Cardena*, 842 F.3d at 1000 (citing *Deal v. United States*, 508 U.S. 129, 134 (1993)) (other citations omitted). The Seventh Circuit remanded the case to resentence Uriarte and two co-defendants, however, because the mandatory minimum for the § 924(c)(1) offense charged in count 8 was improperly increased from five to seven years based on an enhancement for brandishing a firearm not submitted to the jury. *See id.* at 1000–01 (explaining that defendants preserved this argument in anticipation of *Alleyne v. United States*, 570 U.S. 99 (2013), which held that brandishing was an element of the offense that must be found by the jury). The government argued that the incorrect mandatory minimum for count 8 did not affect Uriarte and his co-defendants' substantial rights. *Cardena*, 842 F.3d at 1001. The Seventh Circuit disagreed and remanded for resentencing on all counts because (among other reasons) "the district court . . ., in effect, . . . treat[ed] the mandatory minimum as a lower bracket for purposes of deciding what sentence to give [d]efendants and then sentenced them in between 42 years and life." *Id.* at 1001–02. That is, the Seventh Circuit considered whether the sentence for count 8 could be unbundled from the others and decided that

2

there was reason to believe that the entire sentencing tapestry would unravel upon the vacatur of count 8. Due to various delays for unrelated reasons (including Uriarte's filing of an interlocutory appeal), Uriarte's resentencing hearing has been scheduled for May 10, 2019. The parties dispute whether § 403(a) of the First Step Act applies retroactively to Uriarte. For the following reasons, the court concludes that it does.

The general federal savings statute, 1 U.S.C. § 109, applies. The savings statute provides that "[t]he repeal of any statute shall not have the effect to release or extinguish any penalty, forfeiture, or liability incurred under such statute, unless the repealing Act shall so expressly provide, and such statute shall be treated as still remaining in force for the purpose of sustaining any proper action or prosecution for the enforcement of such penalty, forfeiture, or liability." 1 U.S.C. § 109. Uriarte argues in reply, ECF No. 1831 at 2, that the savings statute does not because apply because the First Step Act amended § 924(c)(1)(C) instead of repealing it. The distinction Uriarte draws conflicts with *Dorsey v. United States*, 567 U.S. 260, 264 (2012), where the Court applied the general savings statute to amendments that reduced the penalties for existing offenses. The Seventh Circuit has "recognized that the application of the savings statute extends beyond mere repeals and reaches amendments to criminal statutes as well." *United States v. Bell*, 624 F.3d 803, 814 (7th Cir. 2010) (citing *United States v. Stillwell*, 854 F.2d 1045, 1047–48 (7th Cir. 1988)); *see also United States v. Jackson*, 835 F.2d 1195, 1197 (7th Cir. 1987) (amendment changed elements of criminal offense). Accordingly, the applicability of the savings statute cannot be defeated by artificially distinguishing between an amendment and a repeal as Uriarte proposes.

The fact that § 403(b) does not mention, in so many words, remands for resentencing is not by itself dispositive. The government points to a portion of the *Dorsey* opinion stating that

courts must "assume that Congress did *not* intend [newly enacted] penalties [in a criminal statute] to apply unless it clearly indicated to the contrary" *Id.* at 264 (emphasis in original). But the background section of *Dorsey* the government cites expressly cross-references the full discussion in the opinion of the savings statute. *See id.* at 274–75. The Court's full discussion confirms that "[w]ithout requiring an 'express' statement, the Court has described the necessary indicia of congressional intent" to make a reduction in penalties retroactive "by the terms 'necessary implication,' 'clear implication,' and 'fair implication,' phrases it has used interchangeably." *Id.* (quoting *Great N. Ry. Co. v. United States*, 208 U.S. 452, 465 (1908)). No implication—clear, fair, or otherwise—need be found for the First Step Act. It contains plain language in § 403(b). Remarkably, the government offers no analysis of § 403(b). *See* Suppl. Reply, ECF No. 1830.

Given Congress' expressed intent in § 403(b), the question remains whether Congress intended § 403(b) to reach cases pending on remand for resentencing on the date the First Step Act was enacted, December 21, 2018; in such cases, sentence literally was previously "imposed." Nevertheless, the bare fact that a nonretroactive reading of a statute is "linguistically" possible is not dispositive. *Dorsey*, 567 U.S. at 280.

The parties cite no authority construing the First Step Act, and the court has found none. The court therefore looks to *Dorsey* and cases applying *Dorsey* to the Fair Sentencing Act of 2010 ("Fair Sentencing Act"), Pub. L. No. 111–220, 124 Stat. 2372 (Aug. 3, 2010). In *Dorsey*, the Supreme Court held that the Fair Sentencing Act applied to all defendants sentenced on or after the date it took effect, August 3, 2010, regardless of when the offense was committed. It should be noted that the First Step Act expanded *Dorsey's* rule. *See* First Step Act § 404. Several of the considerations that drove the analysis in *Dorsey* are present here.

First, in *Dorsey*, the Supreme Court found it significant that Congress legislated against "a special and different background principle" than the general savings statute. 567 U.S. at 275. The background rule in question requires courts to consider the version of the sentencing guidelines in effect when the defendant is sentenced. *Id.* (citing 18 U.S.C. § 3553(a)(4)(A)(ii)). Congress presumptively legislated with full awareness of this "background norm," *id.*, and language in the Fair Sentencing Act indicated that Congress legislated with that principle in mind. *Id.* at 275–76.

A similar background principle applies to remands for resentencing. When a case is remanded for a general resentencing, the court writes "on a clean slate" when fashioning the sentence. *Krieger v. United States*, 842 F.3d 490, 505 (7th Cir. 2016) (citing *Pepper v. United States*, 562 U.S. 476, 507 (2011)) (other citations omitted). Indeed, on this kind of a remand, the court may consider evidence of the defendant's post-sentencing rehabilitation and may weigh all the evidence relevant to a vacated count, even if the prosecutor elects not to retry the count.[2] *United States v. Blagojevich*, 854 F.3d 918, 923–24 (7th Cir. 2017). Congress presumably legislated with these background principles in mind when it passed the First Step Act. *See Dorsey*, 567 U.S. at 274.

Second, Congress legislated against the backdrop of decisions applying the Fair Sentencing Act to cases pending on remand for a general resentencing. In *United States v. Campbell*, 503 F. App'x 472, 473 (7th Cir. 2013), the trial court originally sentenced the

---

[2] Uriarte cites Justice Gorsuch's concurrence in the summary disposition of *Hicks v. United States*, 137 S. Ct. 2000 (2017), as holding that on remand 18 U.S.C. § 3553(a) factors must be considered afresh. The Court in *Hicks* merely granted the petition for a writ of certiorari, vacated the decision, and remanded the case "for further consideration in light of the position asserted by the Acting Solicitor General in his brief for the United States filed on May 1, 2017." *Id.* at 2000. Neither the opinion of Justice Gorsuch nor Chief Justice Roberts purports to tell the lower court what to do on remand. *See id.*

defendant before the Fair Sentencing Act took effect. The Seventh Circuit remanded the case for resentencing for reasons unrelated to the Fair Sentencing Act. *Id.* The Supreme Court decided *Dorsey* while the case was pending on remand for resentencing, and the district court imposed a 120-month sentence. *Id.* The Seventh Circuit held that the district court erred by not giving the defendant the benefit of the Fair Sentencing Act's decreased mandatory minimums. *Id.* The sentence was nevertheless affirmed because that error was harmless (the trial judge stated at the resentencing hearing that he would have imposed the same sentence even if the Fair Sentencing Act had applied). *See id.* at 473–74.

A harmless error analysis would have been unnecessary in *Campbell* if the Fair Sentencing Act did not apply on remand for resentencing. *See also United States v. Knox*, 496 F. App'x 649, 650 (7th Cir. 2012) (Fair Sentencing Act applied to defendants originally sentenced in 2006 because they were resentenced after Fair Sentencing Act took effect pending resentencing in October and November 2010). This case law confirms that a newly enacted statute similar to § 403 of the First Step Act applies to cases pending on general remand for resentencing. Because Congress was presumably aware of these decisions when it passed the First Step Act, *see Dorsey*, 567 U.S. at 275, they shed light on whether a sentence has been "imposed" in § 403(b). The government cites nothing indicating that Congress intended a different meaning, and the court finds no such indication.

Finally, as in *Dorsey*, interpreting the Fair Sentencing Act to apply to defendants awaiting sentencing on December 21, 2018, but not defendants awaiting re-sentencing on that date, would "create disparities of a kind that Congress enacted the Sentencing Reform Act and the [First Step] Act to prevent." *Dorsey*, 567 U.S. at 276. In the First Step Act, Congress sought to avoid "radically different" sentences for defendants sentenced by the same judge on the same

6

day for offenses involving identical amounts of drugs. *Dorsey*, 567 U.S. at 275–76. By making § 403 retroactive to cases in which sentence has not been imposed, Congress had a similar objective: avoiding radically different sentences for defendants charged with two § 924(c) firearms offenses in a single indictment.

To see the disparities at work, consider how an appeal in a relatively complex, multi-defendant case like this one can play out. One defendant pleads guilty. Another goes to trial. The first defendant is sentenced and appeals. The court of appeals vacates the sentence and remands for resentencing by which time the defendant who took the case to trial is awaiting sentencing. Congress passes the First Step Act at this point. The two defendants stand convicted of the same offenses and will stand before the same judge to be sentenced. If the First Step Act does not apply on remand for resentencing, one defendant will be subject to a 25-year mandatory minimum sentence; the defendant who went to trial will not. That disparity is more than six times the four-year deficit the Supreme Court found Congress intended to avoid in *Dorsey*. *See* 567 U.S. at 277.

This does not eliminate all disparities. This court resentenced Uriarte's brother, Jorge Uriarte, just a little over a month before the First Step Act took effect, and his mandatory minimum sentence, as well as that of co-defendant Tony Sparkman, was 25 years longer as a result. Those disparities, however, appear to "reflect[ ] a line-drawing effort, [and] will exist whenever Congress enacts a new law changing sentences (unless Congress intends re-opening sentencing proceedings concluded prior to a new law's effective date)." *Dorsey*, 567 U.S. at 280.[3]

---

[3] The disparities left in the wake of these legal changes in this case are very distressing.

For the reasons stated, the court concludes that § 403(a) of the First Step Act applies to cases pending on remand for general resentencing on December 21, 2018. The parties may file supplemental statements consisting of no more than three pages indicating their positions on the appropriate sentence in light of the court's ruling. The memoranda are due on or before April 30, 2019.

Date: April 25, 2019

/s/
Joan B. Gottschall
United States District Judge