UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 09-CR-0332 (-03) |
| v. | ) | Judge Joan B. Gottschall |
| | ) | |
| HECTOR URIARTE, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

The court has before it Hector Uriarte's *pro se* motion under 18 U.S.C. § 3582(c)(1)(A) seeking compassionate release. This court re-sentenced Mr. Uriarte in 2019 to serve a statutory minimum sentence of 20 years. *See* Amended Judgment, DKT No. 1841 (re-sentencing hearing held May 10, 2019). He has served approximately 11 years of his sentence.

Mr. Uriarte bases his request for compassionate release on his rehabilitation and the outbreak of the COVID-19 pandemic. *See* DKT No. 1907 at 1–2. Mr. Uriarte is presently housed at the federal correctional institution in Greenville, Illinois ("FCI-Greenville"), a medium-security facility. Mr. Uriarte tells the court that sometime in June 2020 the Federal Bureau of Prisons ("BOP") transferred approximately 50 inmates to FCI-Greenville from a facility in Oklahoma. At least one of the transferred inmates tested positive for COVID-19. *Id* at 2. Mr. Uriarte notes that the prisoner was quarantined, as were others with whom the prisoner had contact. *Id.* As of September 4, 2020, the BOP reported 43 prisoner COVID-19 cases at FCI-Greenville, 4 staff cases, and 25 individuals who had recovered.[1]

---

[1] BOP: COVID-19 Update, https://www.bop.gov/coronavirus/.

The government has responded to Mr. Uriarte's motion and filed a copy of his prison medical records under seal.[2] The records show that Mr. Uriarte has received treatment for apparently minor skin conditions and that on April 13, 2020, Mr. Uriarte was prescribed medicine to treat a vitamin D deficiency. *See* DKT No. 1918 at 28. This court also received four letters of support for Mr. Uriarte, five from his relatives and two from members of the public.[3] *See* DKT Nos. 1905, 1922, 1925.

The government's appeal of the sentence this court imposed in 2019 remains pending before the Seventh Circuit in case No. 19-2092. *See* DKT No. 1849. When a notice of appeal is filed, the district (trial) court loses "control over those aspects of the case involved in the appeal." *United States v. Brown*, 732 F.3d 781, 787 (7th Cir. 2011) (quoting *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982) (*per curiam*)) (other citations omitted). Because the government's appeal and Mr. Uriarte's motion involve the length of his sentence, this court lacks jurisdiction over his motion for compassionate release. *See United States v. Cochran*, 784 F. App'x 960, 961–62 (7th Cir. 2019); *see also INTL FCStone Fin. Inc. v. Jacobson*, 950 F.3d 491, 502 (7th Cir. 2020) (discussing the purpose of the distribution of jurisdiction between district and appellate courts). Put differently, this court does not have the power to decide Mr. Uriarte's motion for compassionate release while the appeal of his re-sentence remains pending.

Seventh Circuit Rule 57 applies to this situation, however. The rule provides that if a party files a motion under a "rule that permits the modification of a final judgment," the party,

---

[2] Consistent with its standard practice, this court advised Mr. Uriarte "that by proceeding on his motion, he waives the confidentiality of any medical information on which the court relies in granting or denying his motion" when it directed the government to file the records. DKT No. 1912.

[3] This includes three letters attached to Mr. Uriarte's addendum dated September 1, 2020. DKT No. 1925.

here Mr. Uriarte, "should request the district court to indicate whether it is inclined to grant the motion. If the district court so indicates, [the Seventh Circuit] will remand the case for modifying the judgment."

This court is not inclined to grant Mr. Uriarte's motion on this record.[4] Mr. Uriarte is 41 years old. He does not claim to have a condition recognized by the Centers for Disease Control ("CDC") as a risk factor for severe complications if he contracts COVID-19.[5] Nothing in his medical records suggest the presence of a CDC-recognized risk factor. Mr. Uriarte has a vitamin D deficiency, but he has been prescribed medication to treat it. DKT No. 1918 at 28. Courts in this district have consistently held that, while certainly understandable, generalized concerns that COVID-19 may spread to a prison do not by themselves justify compassionate release. *See, e.g., United States v. Forrest*, 2020 WL 5110473, at *2 (N.D. Ill. Aug. 31, 2020) (collecting cases); *United States v. Gold*, 2020 WL 2197839, at *2 (N.D. Ill. May 6, 2020). Mr. Uriarte has given the court very little specific information about the conditions at FCI-Greenville. (He acknowledges that one prisoner who tested positive for COVID-19 has been quarantined). DKT No. 1907 at 2. In view of his age and relatively good health, Mr. Uriarte has not given this court enough specific information about the conditions at FCI-Greenville to justify a finding that there are "extraordinary and compelling reasons" to release him. 18 USC § 3582(c)(1)(A); *see United States v. Harmelech*, ---- F. Supp.3d ---, 2020 WL 4015316, at *2 (N.D. Ill. July 16, 2020) (denying motion for compassionate release and stating, "while it is true

---

[4]The court does not reach the parties' dispute over exhaustion of administrative remedies under the compassionate release statute. The government states in its response that Mr. Uriarte does not claim to have exhausted his administrative remedies. DKT No. 1917 at 11. He does. On page three of his motion, he represents that he submitted a written request to the warden of FCI-Greenville more than 30 days ago, but he has received no response. Additionally, according to Mr. Uriarte, Greenville's warden has told prisoners that he will not be responding to requests for compassionate release or requests for transfer to home detention. DKT No. 1907 at 3.

[5] *See* Coronavirus Disease 2019: People Who Are At Higher Risk, Centers for Disease Control and Prevention (Sept. 4, 2020), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-higher-risk.html.

that prisons in general are among the types of densely-populated facilities that are highly susceptible to infectious outbreaks, [the defendant]'s motion [said] nothing about his particular conditions of confinement").

Because this court lacks jurisdiction to consider Mr. Uriarte's *pro se* motion for compassionate release, the motion is denied without prejudice.

Date: September 9, 2020            /s/
                                Joan B. Gottschall
                                United States District Judge